IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | | |
|---|---|---|
| OLLIE LEE EVANS, # 63213 | § | PLAINTIFF |
| | § | |
| V. | § | CAUSE NO. 2:11cv66-KS-MTP |
| | § | |
| SHERYLL ZIPORKIN and STATE | § | |
| OF MISSISSIPPI | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Plaintiff Ollie Lee Evans's pleadings. He is currently incarcerated with the Mississippi Department of Corrections. He alleges he was denied Social Security benefits on account of his color, race, and age. The Court has considered and liberally construed his pleadings. The case is dismissed.

## FACTS AND PROCEDURAL HISTORY

On March 23, 2011, Evans filed this lawsuit complaining that he was twice denied Social Security benefits in violation of his equal protection rights. He seeks an award of Social Security benefits, to which he claims he is entitled.

Evans alleges he first filed a claim for Social Security disability benefits in 1993 in Alabama. This claim was denied that same year. His second claim was filed in Gulfport, Mississippi in early 2003. This claim was denied. Finally, he maintains:

> Plaintiffs. also. [sic] had filed a complaint in the social-security administration office for benefit's [sic] and were denied benefit's. and [sic] were orant and [sic] extension for to appeals [sic] the Court decision. and [sic] were denied. that [sic] also. . . . in the year of 2004. appeals were [sic] denied in Meridian. Miss. 39307–2401 3st [sic] Ave.

(Resp. at 2).

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Evans to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

### SECTION 1983

Evans brings an equal protection challenge to the denial of benefits.

"No action against . . . any officer or employee [of the Social Security Commission] shall be brought under section 1331 or 1346 of title 28, United States Code, to recover on any claim arising under this title [42 U.S.C. § 405]." 42 U.S.C. §

405(h). An equal protection challenge to a denial of benefits "arises under" the Social Security Act, "because the answer to the constitutional question would determine whether or not benefits were to be awarded." *Pushkin v. Califano*, 600 F.2d 486, 490 (5th Cir. 1979). Therefore, a district court is without jurisdiction to entertain a Section 1983 equal protection lawsuit over the denial of benefits. *Id.* at 492.

Evans brings a Section 1983 equal protection claim based on the denial of benefits. As in *Pushkin*, this Court is without subject matter jurisdiction to entertain such a claim.

SOCIAL SECURITY APPEAL

Construing Evans's Complaint liberally, as the Court is required to do, the Court will read the Complaint to assert a Social Security appeal.

A district court is granted jurisdiction to review final decisions from the Social Security Commission, granting or denying benefits. 42 U.S.C. § 405(g). Such an appeal must be "commenced within sixty days after the mailing to [Plaintiff] of notice of such decision or within such further time as the Commissioner of Social Security may allow. *Id.*

The first claim was denied in 1993. Evans did not indicate that he was granted an extension of time to appeal this denial, despite the Court inquiring after the matter. Appeal of the first claim is therefore time-barred.

The second claim was filed in Gulfport in 2003. It is unclear whether this claim was denied in 2003 or 2004 and whether Evans was granted an extension of time to appeal. He states the second claim was "denied . . . in Gulfport. . . ." (Resp. at2). He

3

then states, he "had filed a complaint . . . and were denied benefit's. and were orant and [sic] extension for to appeals the Court decision. and were denied that also. . . . in the year of 2004, appeals were denied in Meridian. . . ." *Id.* To the extent Evans is claiming that he merely requested an extension of time to appeal the 2003 denial, he appears to state that this request was denied. To the extent he claims he was granted time to appeal, he appears to state that the appeal was already had and denied in 2004. In either event, his attempt to appeal any 2003 or 2004 denial of benefits is likewise time-barred.

Because the Court is without subject matter jurisdiction over the Section 1983 claim, it is dismissed without prejudice. Because the Social Security appeal is time-barred, it is dismissed as frivolous. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED AND ADJUDGED**, that for the reasons stated above, the Section 1983 claim is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Social Security appeal is **DISMISSED WITH PREJUDICE** as frivolous. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED on this, the 18th day of October, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE